FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JUN 2 2 2017

BY
DEPUTY_____

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 6:17- CR- 49 |
| | § | JUDGES RC/JDL |
| JOSEPH PATRICK JONES | § | |

## INDICTMENT

THE UNITED STATES GRAND JURY CHARGES:

## COUNT 1

> Violation: 21 U.S.C. § 841(a)(1)
> (Possession with intent to distribute
> methamphetamine)

On or about March 23, 2017, in the Eastern District of Texas, defendant **Joseph Patrick Jones** knowingly and intentionally possessed with intent to distribute more than 50 grams of methamphetamine (actual), a Schedule II controlled substance.

In violation of 21 U.S.C. § 841(a)(1).

Indictment – Page 1

# COUNT 2

Violation: 18 U.S.C. § 924(c) (Use,
carrying and possession of a firearm
during and in furtherance of a drug
trafficking crime)

On or about March 23, 2017, in the Eastern District of Texas, defendant **Joseph Patrick Jones** did knowingly and intentionally use and carry and possess a firearm, to wit:

a Bond Arms Texas Defender .45-caliber derringer pistol,

during and in relation to and in furtherance of a felony drug trafficking crime for which he may be prosecuted in a court of the United States, that is possession with intent to distribute methamphetamine (actual), all in violation of 21 U.S.C. § 841(a)(1), as alleged in Count 1.

In violation of 18 U.S.C. § 924(c).

## COUNT 3

Violation: 18 U.S.C. § 922(g)(1)
(Felon in possession of a firearm)

On or about March 23, 2017, in the Eastern District of Texas, defendant **Joseph**

**Patrick Jones**, having been convicted of a crime punishable by imprisonment for a term

exceeding one year, to wit:

1. Unauthorized use of a motor vehicle, a felony, in Cause No. 24,781-B before the 124th District Court of Gregg County, Texas on October 15, 1997;
2. Possession of a controlled substance in Penalty Group 1 with intent to deliver, a felony, in Cause No. 25,653-B, in the 124th District Court of Gregg County, Texas on August 14, 1998;
3. Arson, a felony, in Cause No. 35719-B, in the 124th District Court of Gregg County, Texas on December 3, 2007; and
4. Attempt to obtain controlled substance by fraud, a felony, in Cause No. 44,492-A, in the 188th District Court of Gregg County, Texas on July 31, 2015;

did knowingly and unlawfully possess in and affecting interstate commerce, a firearm, to

wit:

a Bond Arms Texas Defender .45-caliber derringer pistol,

In violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE
### Pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461

As the result of committing one or more of the foregoing offenses alleged in this

indictment, the defendant herein shall forfeit to the United States pursuant to 21 U.S.C. §

853 and 28 U.S.C. § 2461:

1.    any property constituting, or derived from, and proceeds the defendant obtained, directly or indirectly, as the result of such violation;
2.    any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation, and/or,
3.    any and all firearms, ammunition and accessories seized from the defendant, including but not limited to the following:

**Cash Proceeds:**

$5,000 in United States currency and all interest and proceeds traceable thereto, in that such sum in aggregate is proceeds obtained directly or indirectly as a result of the commission of the aforesaid violations.

**Substitute Assets:**

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

1.    cannot be located upon the exercise of due diligence;
2.    has been transferred or sold to, or deposited with a third person;
3.    has been placed beyond the jurisdiction of the court;
4.    has been substantially diminished in value; or
5.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), to seek forfeiture of

any other property of the defendant up to the value of the above forfeitable property,

including but not limited to all property, both real and personal owned by the defendant.

By virtue of the commission of the offenses alleged in this indictment, any and all interest the defendant has in the above-described property is vested in the United States and hereby forfeited to the United States pursuant to 21 U.S.C. § 853 and 28 U.S.C. § 2461.

A TRUE BILL,

6-22-17
Date

FOREPERSON OF THE GRAND JURY

BRIT FEATHERSTON
ACTING UNITED STATES ATTORNEY

D. RYAN LOCKER
ASSISTANT U.S. ATTORNEY

# NOTICE OF PENALTY

## COUNT 1

| | |
|---|---|
| Violation: | 21 U.S.C. § 841(a)(1) (Possession with intent to distribute more than 50 grams of methamphetamine (actual)) |
| Penalty: | Imprisonment for a term of not less than 10 years or more than life; a fine not to exceed $10,000,000, or both; and a term of supervised release of at least 5 years. |
| | If a defendant has a previous final conviction for a felony drug offense, said defendant shall be imprisoned not less than 20 years and not more than life; a fine not to exceed $20,000,000, or both; and a term of supervised release of at least 10 years. |
| | If a defendant has two previous final convictions for felony drug offenses, said defendant shall be sentenced to a mandatory term of life imprisonment without release, fined up to $20,000,000, or both. |
| Special Assessment: | $100.00 |

## COUNT 2

| | |
|---|---|
| Violation: | 18 U.S.C. § 924(c) (Use, carrying and possession of a firearm during and in furtherance of a drug trafficking crime) |
| Penalty: | Imprisonment for not less than 5 years which must be served consecutively to any other term of imprisonment; a fine not to exceed $250,000, or both; and a term of supervised release of not more than 3 years. |
| Special Assessment: | $100.00 |

## COUNT 3

Violation:     18 U.S.C. § 922(g)(1) (Felon in possession of a firearm)

Penalty:     Imprisonment for not more than 10 years; a fine not to exceed $250,000, or both; and a term of supervised release of not more than 3 years.

Special Assessment:  $100.00